IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 10, 2022
Nathan Ochsner, Clerk

In Re: Sokona Diallo
Debtor

Case No.: 22−33351

### INITIAL ORDER FOR CASE MANAGEMENT OF CHAPTER 13 CASE

**The following are orders of the Court:**

1. **Payment of the Filing Fee.**

    a. The debtor(s) shall pay the filing fee with the petition or promptly on the due date provided in an order allowing installment payments.

    b. If the filing fee or any installment is not timely paid, the Clerk shall issue a notice of pending dismissal of the case for failure to pay filing fees. The notice of pending dismissal shall be served on the debtor(s), debtor(s)' counsel and the chapter 13 Trustee.

    c. If the debtor(s) do not pay the filing fee or request a hearing within 10 days after the notice is served, the case may be dismissed without further notice.

2. **Filing the List of Creditors, Plan, Schedules and Statements.**

    a. The list of creditors (with addresses) must be filed with the petition in the format prescribed by the Clerk unless a motion for extension of time under Federal Rule of Bankruptcy Procedure (FRBP) 1007(a)(4) is filed with the petition.

    b. A motion for extension of time to file the list of creditors, plan, schedules or statements need be served only on the chapter 13 Trustee and on the U.S. Trustee. Because the FRBP require a creditor's meeting within 50 days, except for truly exceptional circumstances, the Court will not grant an extension beyond 25 days for filing the plan, schedules or statements.

    c. If the U.S. Trustee files a motion to dismiss under Bankruptcy Code §1307(c)(9) or (10), or if the chapter 13 Trustee files a motion to dismiss for delay prejudicial to creditors and the basis of that motion is that the debtor(s) failed to file the papers required by Bankruptcy Code §521 or failed to file a plan in accordance with FRBP 3015, the motion need not be served on any party except the debtor(s) and, if the debtor(s) are represented by counsel, on debtor(s)' counsel.

    d. If either the U.S. Trustee or the chapter 13 Trustee files a motion to dismiss under subparagraph (c) above, the motion need not include BLR 9013 language but shall include the following notice:

    *A hearing will be conducted on this matter on [insert date of next chapter 13 panel following expiration of 15 days] at _____ a.m. If the debtor(s) object to the requested relief, the debtor(s) and counsel must attend the hearing. If no party objects to the requested relief within (ten) 10 days after the date that the motion was served, the United States Trustee or the chapter 13 Trustee may file a certificate of non−compliance and the Court may dismiss this case without actually conducting a hearing. (Bankruptcy Code §102(1)(B).)*

3. **Confirmation Hearings.**

    a. Confirmation hearings will be continued beyond the initial setting only for good cause shown. A motion for continuance shall be filed setting forth the basis of the cause for the requested continuance. The chapter 13 Trustee is not authorized to grant a continuance of the confirmation hearing. Only the Court may grant a continuance of the confirmation hearing.

    b. Absent exceptional circumstances, the hearing on confirmation of the debtor(s) plan will not be continued to a date that is after 180 days after the commencement of the chapter 13 case.

    c. At least 5 days before confirmation, the chapter 13 Trustee shall submit a recommendation (which may be in summary chart form for all cases set for confirmation on a particular date) as to whether plans should be confirmed. The Court will not be bound by the chapter 13 Trustee's recommendation for or against confirmation. If the chapter 13 Trustee has recommended in favor of confirmation and if there are no objections to be considered at confirmation, the debtor(s) and debtor(s)' counsel need not attend. If the Court determines that a hearing is required on a plan for which confirmation is recommended by the trustee and on which no other objections were filed, the hearing will be rescheduled with notice to the debtor(s) and debtor(s)' counsel. If the chapter 13 Trustee has not recommended confirmation, the debtor(s) and debtor(s)' counsel must attend the hearing and meet the debtor(s)' statutory confirmation burden, except that attendance in the circumstances set forth in §7, §8, §9(b) and §9(c) below shall be according to those sections.

4. **Parties Required to Attend Hearings. This section applies to hearings that are set on the chapter 13 trustee's scheduled panel.**

    a. If a matter has been resolved concerning a motion or an objection, the parties may designate counsel for one of the settling parties to announce the settlement. Other counsel may, but are not required, to attend. If no person announces the settlement, the motion or objection may be denied for want of prosecution.

    b. If the Court declines to accept the announced agreement, the matter may be continued until the next chapter 13 panel date or the Court may make another disposition. All parties to the objection (i.e., the objecting party, the debtor(s) and the chapter 13 Trustee) must attend the continued hearing.

5. **Tax Transcripts.** The Internal Revenue Service must send a tax transcript to the chapter 13 trustee, the debtors and the debtor's counsel, with detrainry to occur not later than 7 days prior to the initial date set for the §341 meeting of creditors.

6. **Service of this Order.** A copy of this Order shall promptly be served by the Clerk on parties in interest, including the debtor(s) and debtor(s)' counsel and the United States Internal Revenue Service. The Internal Revenue Service shall be served at the addresses provided by them from time−to−time to the Clerk.

**THIS ORDER IS EFFECTIVE, IN EACH CASE, ON THE DATE THE ORDER IS ENTERED IN THAT CASE.**

ISSUED AND ENTERED ON 11/10/22

_____
MARVIN ISGUR
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In Re: | Sokona Diallo<br>Debtor | Case No.: 22–33351<br>Chapter: 13 |

**INITIAL ORDER OUTLINING DEBTORS' INITIAL RESPONSIBILITIES**

The debtor(s) are ordered to:

1. Make all payments due to the chapter 13 trustee. The first payment is due not later than 30 days after the petition date.

2. File a proposed plan within 15 days, unless the plan was filed with the petition.

3. File a proposed Wage Order, Order for EFT Payments (online banking), or Order for ACH Payments in compliance with Local Rule 1007(d).

4. File all schedules and the statement of financial affairs within 15 days, unless these documents were filed with the petition.

5. Attend the § 341 meeting of creditors as scheduled by the chapter 13 trustee.

6. Attend the debtor education seminar within 45 days.

7. Immediately file all delinquent tax returns.

8. Comply with all Court orders.

Failure to comply with this order is likely to result in a dismissal of this bankruptcy case. It may also result in a prohibition against the filing of additional bankruptcy cases or a finding that the debtor(s) are in contempt of court.

Issued and Entered on 11/10/22

MARVIN ISGUR
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

In Re: Sokona Diallo
Debtor

Case No.: 22−33351
Chapter: 13

### ORDER AUTHORIZING USE OF VEHICLES PURSUANT TO §363 AND PROVIDING ADEQUATE PROTECTION TO LIEN HOLDERS

1. The debtor(s) are authorized to use their vehicle(s) pursuant to §363 of the Bankruptcy Code, conditioned on the following:
   A. The debtor(s) must maintain insurance on the vehicle(s) in the amounts and with the coverages pertaining to the vehicle itself required by the contract with any holder of a pre−petition lien on the vehicle(s).

   B. Proof of insurance must be provided within 5 days of receipt of written request by the holder of a vehicle lien.

   C. The debtors must timely make all required payments to the chapter 13 trustee.

   D. Not later than the date on which a plan is filed, file a proposed (x) wage order; (y) Order for EFT Payments (Online Banking) and Debtor's Certification; or (z) Order for ACH Payments and Debtor's Certification, each in the form approved by the Court.

2. As additional adequate protection for the interest of the lien holder(s), the lien holder(s) are granted a claim pursuant to §503(b)(1). This lien is intended to be of the type described in §507(b) of the Bankruptcy code. The amount of the claim is equal to 1.25% of the value of the vehicle as of the petition date. Notwithstanding Bankruptcy Local Rule 4001−1(e), the adequate protection payments shall be calculated by the chapter 13 trustee based on the average of the J.D. Power (or its successor(s) in interest) clean retail and average auction values (without options or mileage adjustments), unless the Court orders otherwise.

3. The debtor(s) or any other party in interest may object to this order within 30 days of its entry. If a timely objection is filed, an evidentiary hearing will be conducted at the next chapter 13 panel. The objecting party is ordered to provide notice of the hearing date, attend the hearing and present evidence in support of the objection.

Issued and Entered on 11/10/22

MARVIN ISGUR
United States Bankruptcy Judge

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-33351-mi |
| Sokona Diallo | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 2 |
| Date Rcvd: Nov 10, 2022 | Form ID: io13cm | Total Noticed: 23 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 12, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Sokona Diallo, 21826 Paril Creek Drive, Houston, TX 77073-1619 |
| 12322893 | + | Amadou Wane, 13046 Race Track Road, Apt. 118, Tampa, FL 33626-1302 |
| 12322894 | + | Babatunde Oyedola Coker, 6500 Westheimer, Houston, TX 77057-5143 |
| 12322897 | + | Brickstone Group LLC, 1208 Marlborough Street, Philadelphia, PA 19125-3921 |
| 12322898 | + | Estate of Samuel Carreno, c/o Ramji Law Group, 9186 Katy Freeway, Houston, TX 77055-7456 |
| 12322899 | + | FNA DZ LLC, c/o Bellamy & Schultz, PLLC, 7200 North Mopac Expressway, Suite 310, Austin, TX 78731-3267 |
| 12322900 | + | Goldman Sachs Bank USA, P.O. Box 4545, Salt Lake City, UT 84110-4545 |
| 12322901 | + | HM Southmore, LLC, 811 Main Street, Suite 4100, Houston, TX 77002-6125 |
| 12322904 | + | Irwin Funding, LLC, 25 Main Street, Suite 11, Edison, NJ 08837-3448 |
| 12322905 | + | Jupiter Lounge, LLC, 6500 Westheimer, Houston, TX 77057-5143 |
| 12322906 | + | Katharine Banks Allen, P.O. Box 460568, Houston, TX 77056-8568 |
| 12322907 | + | Maurice Wutscher LLP, 5851 Legacy Circle, Suite 600, Plano, TX 75024-5969 |
| 12322908 | + | Merchant Capital Group, LLC, d/b/a Greenbox Capital, 111 NW 183rd Street, Suite 408, Miami, FL 33169-4619 |
| 12322909 | + | Michele Trudy Noel, 2637 Marilee Ln, Houston, TX 77057-4205 |
| 12322910 | + | Midland Credit Management, Inc., P.O. Box 115220, Carrollton, TX 75011-5220 |
| 12322911 | + | Okechukwu Chibuzo Onuoha, c/o Troy J. Wilson, Wilson & Associates, PLLC, 8019 West Grand Parkway South, #144, Richmond, TX 77407-1601 |
| 12322912 | + | Pearl Delta Funding, LLC, 80 State Street, Albany, NY 12207-2541 |

TOTAL: 17

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 12322895 | | Email/Text: creditcardbkcorrespondence@bofa.com | Nov 10 2022 20:02:00 | Bank of America, N.A., P.O. Box 15019, Civil, Wilmington, DE 19850-5019 |
| 12322896 | + | Email/Text: mortgagebkcorrespondence@bofa.com | Nov 10 2022 20:03:00 | Bank of America, N.A., Loss Recovery, 800 Market Street, Saint Louis, MO 63101-2508 |
| 12323165 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Nov 10 2022 20:03:00 | INTERNAL REVENUE SERVICE, P O Box 7346, Philadelphia PA 19101-7346 |
| 12323046 | + | Email/PDF: rmscedi@recoverycorp.com | Nov 10 2022 20:13:18 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 12322913 | + | Email/Text: sprechman@ebn.phinsolutions.com | Nov 10 2022 20:03:00 | Sprechman & Fisher, P.A., 2775 Sunny Isles Boulevard, Suite 100, North Miami Beach, FL 33160-4078 |
| 12322914 | + | Email/Text: bkfilings@zwickerpc.com | Nov 10 2022 20:03:00 | Zwicker & Associates, P.C., 14090 SW Freeway, Suite 408, Sugar Land, TX 77478-3682 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

**Recip ID      Bypass Reason   Name and Address**

| District/off: 0541-4 | User: ADIuser | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Nov 10, 2022 | Form ID: io13cm | Total Noticed: 23 |

| 12322902 | | Ibraham Olorogun |
| cr | *+ | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 12322903 | * | Internal Revenue Service, Insolvency Section, P.O. Box 7346, Philadelphia, PA 19101-7346 |

TOTAL: 1 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 12, 2022     Signature:     /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 10, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David G Peake | court@peakech13trustee.com |
| Emil R Sargent | on behalf of Debtor Sokona Diallo esargent3@gmail.com |
| US Trustee | USTPRegion07.HU.ECF@USDOJ.GOV |

TOTAL: 3