IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| SOKONA DIALLO | Case No. 22-33351 (MI) |
| Debtor. | |

**APPLICATION FOR EMPLOYMENT OF LOCKE LORD, LLP
AS GENERAL BANKRUPTCY COUNSEL FOR THE TRUSTEE**

| | |
|---|---|
| Name of Trustee | Janet S. Northrup |
| Name of Professional to be Employed | Locke Lord, LLP with Simon Mayer to act as lead counsel |
| Reason that Employment is Needed | The Trustee requires the assistance of counsel with, among other things, the following:<br>(i) Investigating and prosecuting any causes of action, including any chapter 5 avoidance actions;<br>(ii) Investigating and prosecuting, if appropriate, discharge actions; and<br>(iii) Prosecuting any non-routine claim objections. |
| Reason the Trustee Selected this Professional | The law firm has had considerable experience in matters of this character. The Trustee believes that the law firm is well qualified to represent her in this case. |
| Professional's Connections' to the Case | The law firm's connections are set forth in the law firm's declaration attached hereto as **Exhibit 1**. However, none of those connections rise to the level of a conflict. The law firm represents no interest adverse to the Trustee or the Debtor's bankruptcy estate. Locke Lord, LLP is a "disinterested person" within the meaning of section 101(14) of title 11 of the United States Code. |
| Compensation Arrangement | Hourly, Simon Mayer's rate for this engagement is $475. |

**This Motion seeks an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the Moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

To the Honorable Marvin Isgur
United States Bankruptcy Judge:

Janet S. Northup, the chapter 7 trustee (the "***Trustee***" or "***Applicant***"), for the above-referenced bankruptcy case hereby files her *Application for Employment of Locke Lord, LLP as Counsel for Trustee* (the "***Application***"), effective March 19, 2023. In support of the Application, the Trustee would respectfully submit as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. The predicate for the relief requested in the Application is sections 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "***Bankruptcy Code***"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of Texas.

## CORE PROCEEDING

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the Application. Further, to the extent that the Court determines that it does not have authority to enter a final order on a portion or all of the Application, the Trustee requests that the Court issue

a report and recommendation for a final order to the United States District Court of the Southern District of Texas.

## BACKGROUND

1. On November 9, 2022 (the "***Petition Date***"), Sokona Diallo (the "***Debtor***") filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code thereby commencing Case Number 22-33351 (the "***Bankruptcy Case***") in the United States Bankruptcy Court (the "***Bankruptcy Court***").

2. Shortly thereafter, Janet S. Northrup was appointed as the chapter 7 trustee of the Debtor's bankruptcy estate.

## REQUESTED RELIEF

3. The Trustee requires the assistance of counsel to represent and assist her in carrying out her duties under the Bankruptcy Code. The Trustee wishes to employ the law firm of Locke Lord, LLP (the "***Law Firm***") as attorneys for the Trustee, effective March 19, 2023 with Simon R. Mayer as lead counsel for the Trustee. The Trustee requires assistance, in part, to identify and liquidate certain assets of the estate among other matters.

4. The Trustee has selected the Law Firm because it has considerable experience in matters of this character, and the Trustee believes that the Law Firm is well qualified to represent her.

5. The Law Firm is a full service law firm, with 20 offices and more than 800 attorneys serving clients around the world. The Law Firm's website at www.lockelord.com contains additional detailed information regarding Law Firm.

6. The Law Firm has forty-one (41) lawyers plus related support staff in its Bankruptcy, Restructuring and Insolvency group. The Law Firm was named to the Global

Restructuring Review's top 100 Firms in 2019, 2020 and 2021. The Law Firm's bankruptcy lawyers include members of the Texas bankruptcy bar who have routinely represent in both chapter 7 and chapter 11 cases. Simon R. Mayer ("*Mayer*") estimates that he has represented chapter 7 trustees in no less than two hundred (200) cases. Mayer has also been named in *Texas Monthly* magazine's "Rising Stars" editions and is board certified by the Texas Board of Legal Specialization in business bankruptcy law.

7. The bankruptcy practice group also routinely calls on the expertise of non-bankruptcy members of the Law Firm to handle matters requiring non-bankruptcy expertise, including real estate issues, asset valuation and disposition, and non-bankruptcy litigation.

8. There are a limited number of law firms in the Houston area in whom the Trustee would have the confidence to represent her in bankruptcy cases. However, for the reasons noted above, the Trustee considers Law Firm the best option to represent her in this Case.

9. The Law Firm maintains offices in the Southern District of Texas at 600 Travis Street, Suite 2800, Houston, Texas 77002. The Law Firm's main telephone number is (713) 226-1200.

10. The Trustee now requires the services of bankruptcy counsel to perform the duties of the Trustee's general bankruptcy counsel. The Applicant proposes that the Law Firm shall perform the following professional services:

    i. To assist the Trustee with respect to the disposition of the assets of the Estate;

    ii. to file pleadings with the Court and to represent the interests of the Debtor's bankruptcy estate (the "*Estate*") in regard to any adversaries, appeals, or contested matters before this Court and litigation in other courts, particularly with regard to the Estate's alleged interests in various assets and the positions of unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

    iii.    to assist the Trustee, including the drafting and filing of any necessary pleadings, in the recovery and liquidation of any assets of the Estate;

    iv.    to assist the Trustee, including the drafting and filing of any necessary pleadings, in the avoidance and recovery of any claims or causes of action held by the Estate, including any claims under chapter 5 of the Bankruptcy Code;

    v.    to analyze, institute, and prosecute actions regarding determination and recovery of property of the Estate, to the extent such activities would be economically beneficial to the Estate;

    vi.    to institute and prosecute non-routine objections to proofs of claim;

    vii.    to aid in the representation of Trustee in any litigation against the Trustee in her official capacity;

    viii.    to render legal advice and assistance with regard to matters involving taxation of the Estate;

    ix.    to assist in resolution of title problems associated with the Estate's property;

    x.    to collect any judgments that may be entered in favor of the Estate; and

    xi.    to assist the Trustee to operate the business of the Debtor, as necessary.

11. The Law Firm has not represented the Debtor prior to or during the Case.

12. The Law Firm has a process to check for conflicts of interest and other conflicts and connections with respect to the Debtor's Case. The Law Firm maintains a database containing the names of current, former, and potential clients. The Law Firm has a department that researches and analyzes potential conflict of interest and conflict issues. The Law Firm has reviewed and analyzed its database to determine if any conflict of interest or other connection exist.

13. Except as set forth in the *Declaration of Simon Mayer in Support of the Application for Employment of Locke Lord LLP as Counsel for the Trustee* (the "**Declaration**") attached hereto **Exhibit 1** and incorporated herein by reference for all purposes and below, to the best of Applicant's knowledge after diligent inquiry and as evidenced by the Declaration, the Law Firm has no connection with the Debtor, creditors, any other party-in-interest, their respective attorneys

and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.  While connections may exist, the Law Firm submits that none of these connections rise to the level of a conflict.

14. The Law Firm represents no interest adverse to Applicant as Trustee or the Estate and Law Firm's employment is necessary and is in the best interest of the Estate.

15. The Law Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

16. In the event the Trustee desires for the Law Firm to render any services to her and the Estate other than those described herein, she will make further application.

17. The Applicant certifies that the Law Firm is not being employed to perform duties required to be performed by the Trustee. The Trustee has informed the Law Firm that if trustee duties are performed, the Law Firm may not be compensated by the Estate.

18. The Trustee proposed to retain the Law Firm pursuant to the terms of the retention agreement attached hereto as **Exhibit 2.**  The Law Firm is being employed at the discounted hourly rates of the attorneys who will represent the Trustee.  Simon R. Mayer's discounted hourly rate for this engagement is $475.  Such rates are usually adjusted on an annual basis.  Reimbursable expenses will be charged at the amounts incurred and no higher than the rates allowed by the Bankruptcy Local Rules of the Southern District of Texas.

19. The Trustee certifies, and the Law Firm understands, that no payment will be made to the Law Firm except on an order of this Court approving the fees and expenses incurred by the Law Firm.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests the entry of an order granting the Trustee the relief requested herein and all other and further relief, both at law and in equity, to which she may justly be entitled.

Dated:  April 18, 2023

                Respectfully submitted,

                By: */s/ Janet S. Northrup**
                      Janet S. Northrup
                      Chapter 7 Trustee
                      Hughes Watters Askanase LLP
                      1201 Louisiana, 28th Floor
                      Houston, Texas 77002
                      Tel: (713) 759-0818

                * Signed with permission.  */s/ Simon R. Mayer*

## Certificate of Service

I certify that on April 18, 2022, a copy of the foregoing document was served on the U.S. Trustee pursuant to Rule Local Rule 9003-1 and all parties registered for electronic service via the Court's Electronic Case Filing System.

                */s/ Simon R. Mayer*
                Simon R. Mayer