IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| SOKONA DIALLO | § § | Case No. 22-33351 (MI) |
| Debtor. | § § § | |

**DECLARATION OF SIMON R. MAYER IN SUPPORT OF
THE APPLICATION FOR EMPLOYMENT OF LOCKE LORD, LLP
AS GENERAL BANKRUPTCY COUNSEL FOR THE TRUSTEE**

I, Simon R. Mayer, declare under penalty of perjury:

1. "I am an attorney licensed to practice in the State of Texas and have been a member in good standing of the Texas Bar since 2007. I am also admitted to practice before the United States Court of Appeal for the Fifth Circuit and the United States District and Bankruptcy Courts for the Northern, Southern, Eastern and Western Districts of Texas.

2. I am a Partner with the law firm of Locke Lord, LLP ("***Locke Lord***" and the "***Law Firm***"), proposed counsel for Janet S. Northrup, the chapter 7 trustee (the "***Trustee***") for the above-styled chapter 7 bankruptcy case (the "***Case***"). My office address is 600 Travis Street, Suite 2800, Houston, Texas 77002; my telephone is (713) 226-1507; my facsimile is (713) 229-2675; and my email is simon.mayer@lockelord.com. The Law Firm's main telephone number for its Houston office is (713) 226-1200.

3. Law Firm's bankruptcy lawyers include members of the Texas bankruptcy bar who have routinely represent in both chapter 7 and chapter 11 cases and are admitted to practice in the State of Texas, and before the Courts of the Southern District of Texas and/or all other relevant

1

courts and agencies. The Law Firm includes attorneys with significant experience and expertise in matters which are likely to be needed in the proposed representation of the Trustee.

4. Pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), I make this declaration in support of the *Application for Employment of Locke Lord, LLP as General Bankruptcy Counsel for Trustee* (the "**Application**").

## GENERAL STATEMENT

5. As required by sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, the Law Firm represents that, to the best of its knowledge, it represents no interest adverse to the Trustee or the bankruptcy estate (the "**Estate**") of Sokona Diallo (the "**Debtor**") in matters upon which the Law Firm is to be engaged by the Trustee.

6. Except as set forth herein, the Law Firm has no connection with the Debtor, her creditors or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee and believes it is a "disinterested person "within the meaning of section 101(14) of the bankruptcy Code.

## CONNECTIONS BETWEEN LAW FIRM, ITS CLIENTS AND THE DEBTOR

7. The Law Firm has process to check for conflicts of interest and other conflicts and connections with respect to a debtor's bankruptcy case. The Law Firm maintains a database containing the names of current, former and potential clients. The Law Firm has a department that researches and analyzes potential conflicts of interest and conflict issues.

8. I caused the Law Firm to review and analyze its database, searching the last five (5) years for names of each of the creditors identified by the Debtor, the Debtor, and the parties-in-interest listed in the Debtor's schedules and statement of financial affairs in order to determine

if any conflict of interest or other connection existed. Based upon this search two connections were discovered.

9. The Law Firm currently represents certain affiliates of American Express National Bank in matters unrelated to the Debtor. "American Express National Bank" is scheduled as a unsecured creditor on the Debtor's Schedule E/F with a scheduled claim in the amount of $4,522.96. [Dkt No. 32, p.15]. The Law Firm does not currently nor has it represented any American Express National Bank or any of its affiliates in matters related to the Case.

10. The Law Firm currently represents Bank of America in matters unrelated to the Debtor. "Bank of America" is scheduled as an unsecured creditor on the Debtor's Schedule E/F with a scheduled claim in the amount of $39,169.27. [Dkt No. 32, p.15]. The Law Firm does not currently nor has it represented Bank of America in the past in matters related to the Case.

11. The Law Firm currently represents Goldman Sachs Bank USA in matters unrelated to the Debtor. "Goldman Sachs Bank USA" is scheduled as an unsecured creditor on the Debtor's Schedule E/F with a scheduled claim in the amount of $14,269.45. [Dkt No. 32, p.16]. The Law Firm does not currently nor has it represented Goldman Sachs Bank USA in the past in matters related to the Case.

12. The Law Firm currently represents Midland Credit Management in matters unrelated to the Debtor. "Midland Credit Management" is scheduled as an unsecured creditor on the Debtor's Schedule E/F with a scheduled claim in the amount of $9,566.84. [Dkt No. 32, p.18]. The Law Firm does not currently nor has it represented Midland Credit Management in the past in matters related to the Case.

13. The Law Firm currently represents T-Mobile USA Inc. in matters unrelated to the Debtor. "T-Mobile" is scheduled as an unsecured creditor on the Debtor's Schedule E/F with a

scheduled claim in the amount of $2,081.00. [Dkt No. 32, p.20]. The Law Firm does not currently nor has it represented T-Mobile USA Inc. in the past in matters related to the Case.

14. The Law Firm routinely represents chapter 7 and chapter 11 trustees in bankruptcy, including Janet S. Northrup, Allison D. Byman, Ronald J. Sommers, Randy W. Williams and Elizabeth M. Guffy.

15. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, after reasonable inquiry, except as set forth above, the Law Firm has no connection with the Debtor, her creditors, any other party-in-interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. However, the current clients listed above are not currently represented by Law Firm in matters related to the Trustee, the Debtor, or the Estate. Thus, while connections may exist, it is respectfully submitted that such connections do not rise to the level of a conflict.

16. The Law Firm holds or represents no interest adverse to the Trustee or the Estate. If during the representation of the Trustee a conflict does arise, the Law Firm will immediately disclose such conflict to the Trustee and the Court, and take all necessary steps to have non-conflicted counsel represent the Trustee in such matters.

17. The disclosures identified herein are based upon all information reasonably available to the Law Firm at the time of submission of the Application to the Bankruptcy Court for approval. The Law Firm will, to the extent necessary, supplement this Declaration as may be required by the Bankruptcy Code and Rules if and when any other relationships exist or are modified such that further disclosure is required.

18. The Law Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Law Firm, its partners, counsel, and associates:

      a. are not creditors, equity security holder, or insiders of the Debtor;

      b. are not and were not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtor; and

      c. do not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holder, by reasons of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

19. The Law Firm does not believe that a conflict of interest exists with respect to its representation of the Trustee, the Estate, and any of its current representations.

## TERMS OF LOCKE LORD'S ENGAGEMENT

20. The Law Firm is being employed on a general hourly retainer agreement, with attorneys to be paid (upon approval by the Bankruptcy Court of its application for compensation) at a discounted hourly rates of the attorneys who will represent the Trustee. My hourly rate for this engagement is $475. I will be the lead attorney on this engagement. Other Locke Lord attorneys' discounted rates range from $390 to $750 per hour. Locke Lord's general procedure is to assign tasks to the attorneys with the lowest hourly rates, commensurate with the best of their skills and abilities. I have advised the Trustee that the Law Firm evaluates its rates periodically (typically, annually) and raises or lowers various rates to reflect market conditions. Reimbursable expenses will be charged at the amounts incurred and no higher than the rates allowed by the Bankruptcy Local Rules of the Southern District of Texas.

## CONCLUSION

21. In the view of the foregoing, I believe that the Law Firm (i) does not hold or represent an interest adverse to the Debtor or the Estate, and (ii) is a "disinterested person" as that

term is defined in section 101(14) of the Bankruptcy Code. The Law Firm recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtor's Estate as they appear or become recognized during the Case. Accordingly, we reserve the right to, and shall, supplement this disclosure if necessary as more information becomes available to us. The foregoing constitutes the statement of the Law Firm pursuant to Rule 2014(a)."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 17, 2023

*/s/ Simon R. Mayer*
Simon R. Mayer