IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| SOKONA DIALLO | § § | Case No. 22-33351 (MI) |
| Debtor. | § § § | |

**ORDER AUTHORIZING EMPLOYMENT OF LOCKE LORD, LLP
AS GENERAL BANKRUPTCY COUNSEL FOR THE TRUSTEE**
(Related to Docket No. ___)

The Court has considered the *Application for Employment of Locke Lord LLP as General Bankruptcy Counsel for the Trustee* (the "**Application**")[1] filed by Janet S. Northrup, the Trustee of the Estate, seeking authority to employ and appoint the law firm of Locke Lord LLP ("**Locke Lord**" and "**Law Firm**") as her general bankruptcy counsel, effective March 19, 2023 and to designate Simon R. Mayer to act as lead counsel, to represent her as the Trustee. It appears from the Application and the Declaration of the Law Firm that the members of the Houston offices of the Law Firm are attorneys duly admitted to practice in this Court, and that Law Firm represents no interest adverse to the Trustee, the Estate, or the United States Trustee in the matters upon which it is to be engaged, that its employment is necessary and would be in the best interest of the Estate, and that the Case is one that requires retention of counsel. It is therefore:

**ORDERED** that Janet S. Northrup, Trustee of the Estate of the Debtor, be and hereby is authorized to employ the law firm of Locke Lord, pursuant to the terms of the retention agreement attached hereto as **Exhibit 1**, with Simon R. Mayer to act as lead counsel, to represent her as

---

[1] All capitalized terms unless otherwise defined herein shall have the meaning ascribed to them in the Application.

1

Trustee in the Cases effective March 19, 2023, to perform the professional services described below:

    i. To assist the Trustee with respect to the disposition of the assets of the Estate;

    ii. to file pleadings with the Court and to represent the interests of the Debtor's bankruptcy estate (the "***Estate***") in regard to any adversaries, appeals, or contested matters before this Court and litigation in other courts, particularly with regard to the Estate's alleged interests in various assets and the positions of unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

    iii. to assist the Trustee, including the drafting and filing of any necessary pleadings, in the recovery and liquidation of any assets of the Estate;

    iv. to assist the Trustee, including the drafting and filing of any necessary pleadings, in the avoidance and recovery of any claims or causes of action held by the Estate, including any claims under chapter 5 of the Bankruptcy Code;

    v. to analyze, institute, and prosecute actions regarding determination and recovery of property of the Estate, to the extent such activities would be economically beneficial to the Estate;

    vi. to institute and prosecute non-routine objections to proofs of claim;

    vii. to aid in the representation of Trustee in any litigation against the Trustee in her official capacity;

    viii. to render legal advice and assistance with regard to matters involving taxation of the Estate;

    ix. to assist in resolution of title problems associated with the Estate's property;

    x. to collect any judgments that may be entered in favor of the Estate; and

    xi. to assist the Trustee to operate the business of the Debtor, as necessary.

**ORDERED** that Locke Lord shall not be compensated by the Estate for performing duties required to be performed by the Trustee.  It is further

**ORDERED** that all fees and expenses paid to Locke Lord are subject to application to and approval by the Court.  And it is further

**ORDERED** that should the Trustee desire for Locke Lord to perform any additional professional services, other than those authorized herein, or should the Trustee desire to appoint additional counsel to perform legal services, leave is hereby granted for her to file such other applications or supplemental applications as may be necessary.

                        Marvin Isgur
                        United States Bankruptcy Judge

Exhibit 1



600 Travis
Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Fax:  713-223-3717
www.lockelord.com

Simon Mayer
Direct Telephone:  713-226-1507
simon.mayer@lockelord.com

April 1, 2023

By Email: jsn@hwa.com

Janet S. Northup, Chapter 7 Trustee
Hughes Watters Askanase LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002

Re:     Agreement and Instructions for Legal Services

Dear Janet:

We are pleased that you have asked our Firm to serve as counsel to you as the Chapter 7 Trustee of the Sokona Diallo bankruptcy estate ("you" or the "Client"). This letter will confirm our agreement with you and instructions regarding the Client's engagement of this Firm and will describe the terms and basis on which our Firm will provide legal services to the Client.

Our experience has been that it is mutually beneficial to set forth at the outset of our representation the role and responsibilities of both our law firm and our client. Accordingly, we submit for your approval the following provisions governing our engagement. If you are in agreement, please sign the enclosed copy of this letter in the space provided below. If you have any questions about these provisions, or if you would like to discuss possible modifications, do not hesitate to call. Again, we are pleased to have the opportunity to represent the Client.

1.     *Client*.  Our client in this matter will be the Client, although we shall be entitled to act on the instructions of any of your apparently authorized employees or agents and to rely on any information provided to us by such employees and agents. Our representation does not encompass any other individual or entity, affiliates, officers, directors, managers, employees, shareholders, members, or other stakeholders of the Client. Thus, our representation of the Client in this matter will not give rise to any conflict of interest in the event other clients of the Firm are adverse to any of such individuals or entities.

Janet S. Northup, Chapter 7 Trustee
Hughes Watters Askanase LLP
Page 2
April 1, 2023

      2.      *Instructions and Scope of Representation.* We will be engaged to advise the Client in connection with the bankruptcy case of Sokona Diallo presently pending under the bankruptcy case number 22-33351 in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Case"); investigate and, if necessary, assist in the liquidation of assets; identify and prosecute claims, including chapter 5 and related avoidance actions as appropriate; analyze, negotiate and, if necessary, defend against motions to lift stay; analyze, negotiate and if necessary prosecute claim objections, and, as necessary, analyze and assist you as Chapter 7 Trustee in the rejection of leases and/or executory contracts.

      We would be pleased to consider expanding the scope of this matter, or representing the Client in other matters; however, we must first confirm any such expansion or other representation in writing. If we take on additional matters, each will be governed by this letter unless otherwise agreed.

      Coverage for legal expenses or potential liability exposure is often included as a feature of various insurance policies. You should review and analyze your policies to determine if notice should be promptly given to any of your insurers. We have not been retained to analyze your insurance, give notice of any potential claim or occurrence, or advise you regarding insurance matters.

      3.      *Client Responsibilities*. The Client agrees to cooperate fully with us and to provide promptly all information known or available to it relevant to our representation. Without such information, we may not be able to represent the Client adequately. The Client also agrees to pay our statements for services and expenses in accordance with the paragraph titled "Fees and Expenses" below. The Client agrees to review our drafts carefully to ensure that they are accurate and in accordance with your instructions and requirements. It is important that you let us know if you think that they are inaccurate, that something additional needs to be included or if any of the drafts are unclear or otherwise need to be amended.

      You will also be available to attend meetings, hearings and other proceedings on reasonable notice, and stay fully informed on all developments relating to this matter. You shall not ask us to do any act or take any step which we consider to be improper, unreasonable or unprofessional, nor mislead us in any way in relation to any aspect of this matter.

      4.      *Opinions and Beliefs.* Since the outcome of legal matters is subject to factors that cannot always be foreseen, such as the uncertainties and risks inherent in the legal process, it is understood that we have made no promises or guarantees to you concerning the outcome of this or any other matter and cannot do so.

      5.      *Communications.* I will be the attorney primarily responsible for this representation. When questions or comments arise about our services, staffing, billing, or other aspects of our representation, please contact me. It is important that the Client is satisfied with our services and responsiveness at all times. We will correspond with the Client by sending all notices and other documents to you by post, email or facsimile, using the contact details the Client provides to us. We use email extensively, but as you are aware email is not fully secure and may be

Janet S. Northup, Chapter 7 Trustee
Hughes Watters Askanase LLP
Page 3
April 1, 2023

intercepted by third parties. Unless the Client advises us otherwise in writing, we understand that it agrees to our use of email for correspondence regarding instructions both with the Client and third parties. In keeping with information security best practices for confidentiality, the Firm recommends encrypting all sensitive data you send to us.

By signing below, the Client expressly grants permission to share information with the Client's accountants, tax preparers, investment advisors, investment bankers, and bankers. Absent this consent, we may not be able to so do.

6. *Fees and Expenses.* Our fees will be based primarily on the amount of time we spend in dealing with a matter and the billing rate for each attorney and legal assistant devoting time to the matter. My billing rate is $475.00 per hour, measured in one quarter (or one-tenth) of an hour increments. It is understood that before any other attorneys are permitted to bill on this engagement, you and I will confirm the addition of such attorney on the engagement and their applicable billing rates. These rates do not include any VAT, taxes, or similar charges which will be added to the statement, if applicable. These billing rates are subject to change from time to time, typically annually, in January of each year. Please feel free at any time to ask for our current rates.

As indicated above, the principal basis for computing our fees will be the time spent on the matter by various lawyers multiplied by their individual hourly rates. However, as we discussed, the Client understands that in a matter of this kind it may be appropriate to take into account in establishing our fees additional factors, such as the complexity of the work, the efficiency with which it is accomplished, the extent to which we may be foregoing other client opportunities in order to satisfy the Client's requirements, and the nature of the results that we ultimately achieve on the Client's behalf. We will discuss any such special factors with you whenever we believe it is appropriate to do so.

In addition to our fees, the Client will also be billed for disbursements and other charges incurred in performing services, such as photocopying, messenger and overnight delivery, computerized research, videotape recording, travel (including parking, airfare, lodging, meals, and ground transportation), long distance telephone, facsimile transmissions, court costs, and filing fees. To the extent we directly provide any of these services, such as photocopying, we reserve the right to adjust the amount we charge.

In the course of our engagement, it may be necessary for us to arrange for third parties to provide goods or services for the Client's account (such as for local counsel, expert witnesses, and consultants, deposition costs and investigation costs). The Client agrees that in each such case the Client will pay directly their fees and expenses and authorize us to make arrangements to have those parties bill the Client directly. The Client also agrees that it will reimburse us promptly (and separately from our normal invoice procedure, if we determine, in our discretion, separate billing is appropriate) for any such fees and expenses we pay on the Client's behalf.

Statements normally will be rendered monthly for work performed and expenses recorded on our books during the previous month. Payment is due within 30 days of receipt of our statement.

Janet S. Northup, Chapter 7 Trustee
Hughes Watters Askanase LLP
Page 4
April 1, 2023

If any statement remains unpaid for more than 90 days, subject to the paragraph titled "Termination of Engagement" below, we may suspend performing services for the Client until arrangements satisfactory to us have been made for payment of outstanding statements and the payment of future fees and expenses.  <u>Notwithstanding the foregoing, we understand and acknowledge that our fees and expenses must be approved by the bankruptcy court.  You agree to promptly seek such approval, and the Firm agrees that any payment to it that is subject to court approval will not become due and payable unless and until such approval is obtained.  The Firm further acknowledges that you have no personal liability to the Firm and that the Firm may look only to the Bankruptcy Estate for payment.</u>

It is not possible to give a realistic estimate of the total charges, as the fees and costs relating to this matter are not easily predictable.  Any good faith estimate we have provided is based upon the limited information we presently have.  We have made no commitment to the Client concerning the maximum fees and costs that will be necessary to resolve or complete this matter.  It is also expressly understood that payment of the Firm's fees and costs is in no way contingent on the ultimate outcome of the matter.

7.    *Responses to Subpoenas and Similar Requests*.  If the Firm is required to respond to a subpoena or other formal request for records or other information relating to a representation, or to testify by deposition or otherwise concerning the representation, in each case in any litigation or claim between you and a third party in which our representation becomes a subject of inquiry in discovery (a "Request"), the Firm will first, to the extent permitted by applicable law, consult with you to determine whether you wish the Firm to comply with the Request or to resist it, if there is a basis for doing so.  You agree to reimburse the Firm for its reasonable time and expense incurred in responding to any Request, including time and expense incurred in reviewing documents, appearing at depositions or hearings, and otherwise addressing issues raised by the Request.

8.    *Conflicts*.  As we have discussed, you are aware that the Firm represents many other companies and individuals.  Some of these other clients may be direct competitors of yours or otherwise may have business interests that are contrary to your interests.  It is possible that during the time that we are representing the Client, some of our present or future clients will have transactions or disputes with the Client.  These matters may include corporate matters (such as mergers and acquisitions, takeovers, and other change-in-control issues and transactions); commercial transactions (such as preparation and negotiation of agreements, licenses, leases, loans, securities offerings or underwritings); or intellectual property matters, bankruptcy, taxation matters, or administrative, legislative, policy or similar non-adjudicatory proceedings where we may take positions for other clients that are different from positions you may have taken or might take in the future.

We cannot enter into this engagement if it could interfere with our ability to represent other existing or future clients who are or develop relationships or interests adverse to you.  The Client therefore agrees that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for the Client even if the interests or legal positions of such clients in those other matters are directly adverse, and

Janet S. Northup, Chapter 7 Trustee
Hughes Watters Askanase LLP
Page 5
April 1, 2023

waives any conflict of interest with respect thereto. We agree, however, that the Client's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of the Client, we have obtained proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in any such other matter by such client to the Client's material disadvantage. In addition, if you were still a client of the Firm at the time of a dispute, we would not represent the other client if adversarial proceedings were brought by either client against the other.

You also agree that the Firm may represent a party to which you are adverse from time to time in matters that are unrelated to you, and waive any conflict of interest with respect thereto.

**You acknowledge that you have had an opportunity to consult with other counsel (in-house or otherwise) and to raise any questions you may have with us before agreeing to this waiver.**

9. *Termination of Engagement*. Our relationship is based upon mutual consent and you may terminate our representation at any time, with or without cause, by notifying us. The Client's termination of our services will not affect its responsibility for payment of fees for legal services rendered and for other charges incurred before termination and in connection with an orderly transition of the matter.

Similarly, we may withdraw from the representation, with or without cause, subject to the rules of professional conduct for the jurisdictions in which we practice. There are several types of conduct or circumstances that may require or permit us to withdraw from representing a client, including for example, nonpayment of fees or costs, misrepresentation or failure to disclose material facts, fundamental disagreements, and a conflict of interest with another client. We try to identify in advance and discuss with the Client any situation that may lead to our withdrawal and, if withdrawal ever becomes necessary, we will give the Client written notice of our withdrawal. If we elect to withdraw for any reason, we will be entitled to be paid for all services rendered and charges accrued on the Client's behalf prior to the date of withdrawal.

If a court's permission is required for withdrawal from the representation, we will promptly apply for such permission, and you agree to cooperate in such application, including, where applicable, by engaging successor counsel in the matter.

10. *Conclusion of Representation; Retention and Disposition of Documents and Materials*. Unless previously terminated, our representation of you will automatically terminate upon the earlier of (a) our sending you our final statement for services rendered in this matter or (b) upon our completion of the specific services that you have retained us to perform. Subsequent statements sent to collect expenses and/or unpaid fees, and/or the state of accounting/business records or client lists at the Firm, shall not determine or extend the attorney-client relationship. If you later retain us, and we agree, to perform further or additional services, our attorney-client relationship will be revived, subject to these and any supplemental terms of engagement.

Janet S. Northup, Chapter 7 Trustee
Hughes Watters Askanase LLP
Page 6
April 1, 2023

Following termination, any otherwise non-public information the Client supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct.  At the Client's request, its papers and property will be returned to it promptly.  We may retain Firm files including, for example, electronic records, Firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports prepared by or for the internal use of lawyers.  All documents retained by the Firm will be transferred to the person responsible for administering our records retention program.  For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to, and typically do, without asking for your permission, destroy or otherwise dispose of any such documents or other materials retained by us five years after the termination of the engagement.  You agree to such destruction.  If you would like to maintain in your own files certain documents, we suggest that promptly following the completion of the matter, you request that we send you copies of these documents for your own files.  Further, should you request to transfer your files to another law firm, we will send all property and/or files as requested, subject to the receiving firm's payment for all relevant costs including retrieval, review, and shipping of the files.

11. *Post-Engagement Matters*.  The Client has provided instructions and is engaging the Firm to provide legal services in connection with a specific matter.  After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon the Client's future rights and liabilities.  Unless the Client specifically engages us after completion of the matter to provide additional advice on issues arising from the matter, the Firm has no continuing obligation to advise the Client with respect to future legal developments.

12. *Conclusion*.  I hope this letter covers all relevant points, but please let me know as soon as possible if you require clarification.

Janet S. Northup, Chapter 7 Trustee
Hughes Watters Askanase LLP
Page 7
April 1, 2023

      Please sign, date and return the enclosed copy of this letter.  We very much look forward to working with you on this matter.

                                   Very truly yours,

                                   */s/ Simon R. Mayer*
                                   Simon R. Mayer

Agreed and accepted:

By: _____
     Janet S. Northrup, solely as Chapter 7 Trustee of the Bankruptcy Estate of Sokona Diallo and not in her individual capacity

Date: _____