IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| SOKONA DIALLO | § § | Case No. 22-33351 (MI) |
| Debtor. | § § § | |

### TRUSTEE'S MOTION TO COMPEL AND FOR SANCTIONS

**This Motion seeks an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the Moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

Janet S. Northup, the chapter 7 trustee for the above-referenced bankruptcy estate (the "***Trustee***") files her *Expedited Motion to Compel and for Sanctions* (the "***Motion***"). In support of the Motion, the Trustee would respectfully submit as follows:

### Relief Requested

1.    Pursuant to 11 U.S.C. §§ 521(a)(3) and (4), the Trustee respectfully requests that Sokona Diallo (the "***Debtor***"), the debtor in the above-captioned bankruptcy case, be ordered to:

1

  i.  Produce all documents, including but not limited to lease agreements, purchase agreements, and invoices, on all vehicles the Debtor, or any of the entities she has an interest in, leased or purchased within the four years prior to the Petition Date (defined below).

  ii.  Produce all documents on all vehicles the Debtor, or any of the entities she has an interest in, that were repossessed within the four years prior to the Petition Date.

  iii.  Produce all bank statements from January 1, 2020 through the Petition Date for the following bank accounts:

| Bank | Account No. |
|---|---|
| Bank of America | X3932 |
| Bank of America | X6446 |
| Bank of America | X1123 |
| Bank of America | X0040 |
| Bank of America | X4770 |
| Bank of America | X4778 |
| BBVA | X0923 |
| JPMorgan Chase | X4124 |

  iv.  Produce all documents (including sale agreements, contracts, closing documents, and settlement statements) related to the Debtor's purchase and/or acquisition of her asserted interest in 2016 Main Street, Unit 101, Houston, Texas 77002 (the "**Property**"), including the *Special Warranty Deed with Vendor's Lien* between Main STK, LLC and the Debtor, dated July 31, 2020 and the *Seller Finance Agreement* between Main STK, LLC and the Debtor, dated July 31, 2020.

  v.  Produce all documents related to FNA 2019-1, LLC's purported security interest in the Property.

  vi.  Produce all documents, including bank statements, evidencing amounts she paid for the purchase or acquisition of the Property.

  vii.  Produce all documents related to the purported foreclosure of the Debtor's interest in the Property as reflected in the *Trustee's Deed* recorded in the Harris County Real Property Records under File Number RP-2021-306055.

  viii.  Produce all documents relating to her relationship with Main STK, LLC, the other purported owner of the Property listed in the *Trustee's Deed* recorded in the Harris County Real Property Records under File Number RP-2021-306055.

2.  The Trustee also request that the Debtor be required to pay fees and costs for the preparation and prosecution of the Motion.

### Jurisdiction and Venue

3.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This Court has constitutional authority to enter a final order regarding this matter. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) as the above-captioned bankruptcy case is pending before this Court.

### Relevant Facts

4.  On November 9, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code, thereby commencing Case Number 22-33351 (the "***Bankruptcy Case***") in the United States Bankruptcy Court (the "***Bankruptcy Court***") and creating the Debtor's bankruptcy estate (the "***Bankruptcy Estate***").

5.  On January 6, 2023, the Debtor voluntarily converted the Bankruptcy Case to a case under chapter 7. [*See* Docket No. 24]

6.  Shortly thereafter, Janet S. Northrup was appointed the Chapter 7 Trustee.

7.  The initial Section 341 Meeting of Creditors was held on February 9, 2023, the Debtor appeared, and the Trustee and certain creditors made a number of requests to the Debtor for documents and amendments to the bankruptcy schedules. The Trustee continued the meeting to February 23, 2023.

8.  At the February 23, 2023 continued Section 341 Meeting of Creditors the Trustee requested, among other things, all paperwork on any vehicles the Debtor leased, purchased or had

3

repossessed in the last four years prior to the Petition Date. [*See* Docket entry dated 02/23/2023]. The meeting was continued to March 2, 2023.

9. At the March 2, 2023 continued Section 341 Meeting of Creditors the Trustee again requested, among other things, paperwork related to the vehicles. [*See* Docket entry dated 03/02/2023]. The Trustee again continued the meeting. This time to March 23, 2023.

10. Shortly after the March 2, 2023 meeting, the Trustee, through counsel, emailed Debtor's counsel a list of bank accounts and requested the Debtor produce all bank statements related to the identified bank accounts for the period from January 1, 2020 through the Petition Date and certain other information. The Trustee requested that the documents be produced by March 10, 2023. A copy of the March 2, 2023 email is attached as **Exhibit 1**.

11. At the March 23, 2023 continued meeting the Trustee again requested the vehicle paperwork and the bank statements. [*See* Docket entry dated 03/23/2023].

12. The Debtor produced certain bank account records, but not all that were requested in the March 2, 2023 email. On April 4, 2023, the Trustee emailed Debtor's counsel identifying the bank accounts for which the Trustee still lacked documentation. The Trustee requested that the remaining outstanding documents be produced by April 7, 2023. A copy of the April 4, 2023 email is attached as **Exhibit 2**.

13. Also on April 4, 2023, counsel for the Trustee requested that the Debtor produce certain documents related to the Debtor's acquisition and purported foreclosure of a property located at 2016 Main Street, Unit 101, Houston, Texas 77002 (the "***Property***"). The Trustee requested that these documents be produced by April 12, 2023. A copy of the second April 4, 2023 email is attached as **Exhibit 3**. The Property was listed in Schedule A/B of the Debtor's Bankruptcy Schedules. [Docket No. 32, p.3 of 51].

14. After obtaining certain records, on April 6, 2023, the Trustee, thorough counsel, followed up the second April 4, 2023 email and requested complete copies of a certain *Special Warranty Deed with Vendor's Lien* and a certain *Seller's Finance Agreement* purportedly related to the Debtor's acquisition of the Property. A copy of the March 6, 2023 email is attached as **Exhibit 4**.

15. As of the filing of this Motion, the Debtor has not produced any of the documents requested in Exhibits 2, 3 or 4.

16. Due to the failure of the Debtor to produce all of the requested documents, the Debtor has impeded and hindered the Trustee in the performance of her duties causing delay and the accrual of fees and costs by the estate.

## Argument and Authority

17. A debtor in bankruptcy is required by statute to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3). The term "cooperate" is broadly interpreted and requires that when a trustee calls upon a debtor for assistance in performance of her duties, the debtor is "required to respond." *In re Morey*, 416 B.R. 364 (Bankr. D. Mass. 2009), (citing *In re Stinson*, 221 B.R. 726 (Bankr. E.D. Mich. 1998)). Among the Trustee's duties is to (i) collect and recued to money the property of the estate, and closing such estate expeditiously and (ii) investigate the financial affairs of the debtor. 11 U.S.C. § 704(a)(1) and (4).

18. Section 105 of the Bankruptcy Code authorizes the court to issue an order necessary or appropriate to carry out the provisions of title 11.

19. Prepetition, the Debtor solicited investors and lenders to fund investments in various businesses ventures in and around the Houston area. These ventures included night clubs

and lounges. All of the Trustee's requests involve investigating and better understanding the Debtor's business and financial affairs.

20. The Debtor has refused to cooperate with the Trustee and failed to produce all of the requested documents and information necessary for the Trustee to investigate the financial affairs of the Debtor. The Debtor is in breach of her duties pursuant to 11 U.S.C. § 521(a)(3). The Trustee's request for relief is proper under the circumstances.

## Conclusion

Janet S. Northrup, the Chapter 7 Trustee, requests that the Court grant this Motion; enter an order (i) compelling the Debtor to turn over the requested documents within five (5) business days from the date of the order approving the Motion; and (ii) sanctioning the Debtor for her willful failure to comply with the Trustee's repeated demands and ordering compensatory sanctions in favor of the Trustee and ordering the Debtor to pay within ten (10) business days of the order granting the Motion the Trustee's attorneys' fees incurred in preparing and prosecuting the Motion; and (iii) for such other relief as the Court finds appropriate and just to grant.

Respectfully submitted,

*/s/ Simon R. Mayer*
Simon R. Mayer
Texas Bar Number 24060243
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1507
Facsimile: (713) 229-2675
Email: Simon.Mayer@lockelord.com

***Attorney for Janet S. Northrup,***
***Chapter 7 Trustee***

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing pleading has served on the parties registered for electronic service in this case through the Court's ECF/PACER system, including Debtor's counsel, on April 21, 2023.

*/s/ Simon R. Mayer*
Simon R. Mayer