IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **SOKONA DIALLO** | § § | **Case No. 22-33351 (MI)** |
| **Debtor.** | § § § | |

**<u>ORDER GRANTING TRUSTEE'S MOTION TO COMPEL AND FOR SANCTIONS</u>**
(Relates to Docket No. ___ )

The Court has considered the *Motion to Compel and for Sanctions* (the "***Motion***") filed by Janet S. Northup, the chapter 7 trustee for the above-referenced bankruptcy estate (the "***Trustee***").

The Court, having reviewed the Motion and having considered the statements therein, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and (c) notice of the Motion was sufficient or not required under the circumstances. Having considered the evidence, arguments of counsel, and responses, if any, the Court is of the opinion that the Motion is meritorious and establishes sufficient grounds for the relief requested therein. Accordingly, it is

**ORDERED** that Sokona Diallo must, no later than 5:00 p.m. (Houston time) on the seventh (7th) day after entry of this Order, produce to the Trustee the following:

  i. All documents, including but not limited to lease agreements, purchase agreements, and invoices, on all vehicles the Debtor, or any of the entities she has an interest in, leased or purchased within the four years prior to the Petition Date (defined below).

  ii. All documents on all vehicles the Debtor, or any of the entities she has an interest in, that were repossessed within the four years prior to the Petition Date.

  iii. All bank statements from January 1, 2020 through the Petition Date for the following bank accounts:

| Bank | Account No. |
|---|---|
| Bank of America | X3932 |
| Bank of America | X6446 |
| Bank of America | X1123 |
| Bank of America | X0040 |
| Bank of America | X4770 |
| Bank of America | X4778 |
| BBVA | X0923 |
| JPMorgan Chase | X4124 |

iv. All documents (including sale agreements, contracts, closing documents, and settlement statements) related to the Debtor's purchase and/or acquisition of her asserted interest in 2016 Main Street, Unit 101, Houston, Texas 77002 (the "**Property**"), including the *Special Warranty Deed with Vendor's Lien* between Main STK, LLC and the Debtor, dated July 31, 2020 and the *Seller Finance Agreement* between Main STK, LLC and the Debtor, dated July 31, 2020.

v. All documents related to FNA 2019-1, LLC's purported security interest in the Property.

vi. All documents, including bank statements, evidencing amounts she paid for the purchase or acquisition of the Property.

vii. All documents related to the purported foreclosure of the Debtor's interest in the Property as reflected in the *Trustee's Deed* recorded in the Harris County Real Property Records under File Number RP-2021-306055.

viii. All documents relating to her relationship with Main STK, LLC, the other purported owner of the Property listed in the *Trustee's Deed* recorded in the Harris County Real Property Records under File Number RP-2021-306055.

It is further

**ORDERED** that within two (2) business days after entry of this Order Counsel for the Trustee shall file and serve on counsel for the Debtor a detailed statement setting forth the requested attorney's fees and expenses incurred in drafting and prosecuting the Motion. It is further

**ORDERED** that if no objection is filed within five (5) business days thereafter, the requested fees and expenses will be deemed reasonable and allowed as filed. It is further

**ORDERED** that if the Debtor timely files an objection specifically identifying (i) the time entries to which she objects; and (ii) the basis for the objection, the Court will set a further hearing to determine the appropriate amount of attorney's fees and expenses.  It is further

**ORDERED** that if the fees and expenses are allowed, the Debtor shall pay the allowed amounts no later than ten (10) business days after entry of this Order.  And it is further

**ORDERED** that this Court retains jurisdiction to hear and adjudicate any dispute that may arise in connection with this Order.

                                                Marvin Isgur
                                                United States Bankruptcy Judge