**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re   Sokona Diallo                                                                 Case No.   22-33351-H1-7
                              Debtor(s)

## NOTICE OF SUBPOENA

Please take notice that pursuant to Federal Rule of Civil Procedure 45(a)(4), Sokona Diallo, Debtor intends to serve the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action attached hereto as Exhibit "A" on Houston Auto M. Imports Greenway, Ltd, d/b/a Mercedes-Benz of Houston Greenway. Service of the Subpoena will take place on June 24, 2023, or as soon therafter as service may be effectuated. Houston Auto M. Imports Greenway, Ltd, d/b/a Mercedes-Benz of Houston Greenway is required to produce the documents requested pursuant to the Subpoena on June 30, 2023 at 5:00 p.m. at the offices of Emil R. Sargent, Attorney at Law, 2855 Mangum Road, Suite A-569, Houston, Texas 77092.

Respectfully submitted:

Date  June 23, 2023                         Signature  /s/ Emil R. Sargent
                                                       **Emil R. Sargent**
                                                       TBN: 17648750
                                                       Email: Esargent3@gmail.com
                                                       2855 Mangum Road, Ste. A-569
                                                       Houston, Texas 77092
                                                       713.222.2299 - Telephone
                                                       713.222.2478 - Facsimile

                                                       Attorney for Debtor

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing Notice of Subpoena was forwarded by transmission to all registered CM/ECF users appearing in this case as of June 23, 2023.

                                                       */s/ Emil R. Sargent*
                                                       **EMIL R. SARGENT**

1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Texas

In re **Sokona Diallo**
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **22-33351-H1-7**
Chapter **7**

Plaintiff
v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Houston Auto M. Imports Greenway, Ltd d/b/a Mercedes-Benz of Houston Greenway by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

*(Name of person to whom the subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Documents in Exhibit "A" attached.**

| PLACE | DATE AND TIME |
|---|---|
| Emil R. Sargent<br>Attorney at Law<br>2855 Mangum Road, Ste. A-569<br>Houston, TX 77092 | **June 30, 2023 at 5:00 p.m.** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **June 23, 2023**

CLERK OF COURT

OR

_____           _____*Emil R. Sargent*_____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, email address, and telephone number of the attorney representing **Sokona Diallo**, who issues or requests this subpoena, is:
*Emil R. Sargent, Attorney at Law, 2855 Mangum Road, Suite A-569, Houston, Texas 77092, Law.e@sbcglobal.net, (713) 222-2299.*

**Notice to the person who issues or requests this subpoena**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

In re   Sokona Diallo                                                                 Case No.   22-33351-H1-7
                                              Debtor(s)

## INSTRUCTIONS

1. These documents request apply to all documents in your possession, custody or control regardless of their location, and regardless of whether such documents are held by your representatives, agents, attorneys, advisors, accountants, family members, or any other person. In searching for any documents responsive to these requests, you should also search all devices or media capable of containing electronic or magnetic data including, without limitation, hard drives of all computers used by any person with knowledge of the facts relevant to this dispute, network servers, back-up and archival storage systems, home computers, laptop computers, voice mail systems, floppy disks, removable data cartridges, and any cell phones.

2. If any copy of any documents whose production is sought is not identical to any other copy thereof, by reason of any alterations, different form (*e.g.,* electronic form), metadata or metatags, marginal notes, comments or other material contained thereon, attached thereto, or otherwise, all such non-identical copies shall be produced separately. Such other copies include, without limitation, all revisions in electronic or magnetic format.

3. Please produce all data or information in electronic format via USB flash drives labled with the case style and the Bates range or the documents being produced.

4. For documents that only exist in hard copy and not electronic form, please produce those documents as Group IV compressed single-page TIFF or JPEG images named by Bates number. Provide a standard LFP and OPT image load file with an image key containing the same image names/Bates numbers as the correct poind images. All TIFF/JPEG images must be branded and named with a unique, consistently formatted identifier such as an alpha prefix along with a fixed length Bates number (i.e., ABC000001). The LFP and OPT load files should accurately reflect logical document breaks. A delimited text file (.dat) should be provided that gives Beginning Bates, Ending Bates, and Page Count values. OCR should be provided document level text files with an LST load file or with the appropriate pathway in the .dat file.

5. Electronic or magnetic data that is responsive to any of these document requests shall be produced in its native computer readable format with an identification of the specific computer or computer device from which it was taken and its associated software application and computer system. The data produced must contain an exact copy of the source, or other electronic or magnetic media or storage device containing the original data, and include not only active files, but all deleted, erased, or discarded copies, and prior versions or drafts of the data.

6. For email and email attachments, please produce these documents as Group IV compressed single-page TIFF or JPEG images named by Bates number. Provide a standard LFP and OPT image load file with an image key containing the same image names/Bates numbers as the corresponding images. All TIFF/JPEG images must be branded and named with a unique, consistently formatted identifier such as an alpha prefix along with a fixed length Bates number (i.e., ABC0000001). Extracted text or OCR should be provided as document level text files with an LST load file or with the appropriate pathway in the .dat file.

7. Any document that contains essential color should be produced in color. "Essential color" is defined as color that is essential to the understanding of the document, such as the color in charts, maps, graphs, and photographs.

8. The Requests for Production specifically request electronically stored information and all meta-data associated with said electronically stored information.

9. In producing documents, all documents with are physically attached to each other in your files shall be left so attached. Documents shall be produced in the order in which they were maintained.

10. For each document that you claim is privileged or otherwise not discoverable, provide a privilege log.

11. If no responsive documents exist for a particular response, please so indicated by stating "none."

12. For each Request for Production, please identify which bates-labled documents are responsive.

13. Unless otherwise specified, the relevant time period for all requests is November 9, 2018 through November 9, 2022.

| | | | |
|---|---|---|---|
| In re | Sokona Diallo | Case No. | 22-33351-H1-7 |
| | Debtor(s) | | |

## DEFINITIONS

1. "All" shall mean "any" and vice versa.

2. The term "document" means any written, printed, typed, handwritten or other graphic material of any kind or character, together with all mechanical, manetic, electronic, photographic, and sound recordings, together with all transcripts or copies thereof. A document also means the original or copy of the original bearing any marking not on the original. The term specifically includes email and native files of any type.

3. "Relating to" or "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

4. References to the singular shall include the plural, and references to the plural shall include the singular. The masculine form of a pronoun should be interpreted in the feminine as well.

5. "Or" and "and" should read either in the conjunctive or the disjunctive so as to give these requests the broadest scope. "And/or" should be read in the conjunctive or disjunctive so as to give these requests the broadest scope.

6. "You" means Houston Auto M. Imports Greenway, Ltd, d/b/a Mercedes-Benz of Houston Greenway, its affiliates, subsidiaries, officers, managers, employees, or agents, or any person or entity authorized to act on behalf of Houston Auto M. Imports Greenway, Ltd, d/b/a Mercedes-Benz of Houston Greenway.

*Exhibit "A"*

## DOCUMENTS TO BE PRODUCED

1. All documents, including but not limited to lease agreements, purchase agreements, and invoices on the following automobiles:

a. 2018, Mercedes-Benz Truck, GLE43, AMG, VIN: *************4350;

b. 2019, Mercedes-Benz, E-Class Obsidian Black MET, VIN: *************4013; and

c. 2020, Mercedes-Benz, G-Class, VIN: *************5439.

2. All documents, including but not limited to relating or reflecting the repossession of the following automobile:

a. 2019, Mercedes-Benz, E-Class Obsidian Black MET, VIN: *************4013.