UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SOKONA DIALLO | § | CASE NO. 22-33351 |
| Debtor. | § | |
| | § | |
| OKECHUKWU CHIBUZO ONUOHA, | § | CHAPTER 7 |
| And JUPITER LOUNGE, LLC | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | |
| | § | ADVERSARY # _____ |
| SOKONA DIALLO | § | |
| Debtor. | § | |

**COMPLAINT FOR THE DETERMINATION OF NON-DISCHARGAEABILITY OF DEBT OR, IN THE ALTERNATIVE, COMPLAINT OBJECTING TO DISCHARGE**

COMES NOW, Plaintiffs OKECHUKWU CHIBUZO ONUOHA and JUPITER LOUNGE, LLC, who file this Complaint to Determine Non-Dischargeability of Debt of SOKONA DIALLO, the Debtor and named Debtor herein, pursuant to 11 U.S.C. §523 or, in the alternative, Complaint Objecting to Discharge pursuant to 11 U.S.C. §727 and respectfully represents as follows:

**PARTIES**

1.  Plaintiff, OKECHUKWU CHIBUZO ONUOHA ("Plaintiff"), is an adult who resides in Houston, Texas. Plaintiff filed a civil action seeking judgment against SOKONA DIALLO, individually, on November 12, 2021.

2.  Plaintiff, JUPITER LOUNGE, LLC ("Plaintiff"), is an entity formed in the State of Texas filed a civil action seeking judgment against SOKONA DIALLO, individually, on November 12, 2021.

3.     Debtor, SOKONA DIALLO is an adult citizen of the State of Texas ("Debtor" or "Debtor"). The Debtor may be served with process by serving her attorney of record, Emil R. Sergeant at 2855 Mangum Road, Suite A=569, Houston, Texas 77092 or her personally wherever she may be found pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION , VENUE AND PROCEDURAL

4.     This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157(a).

5.     Venue lies in the Southern District of Texas pursuant to 28 U.S.C. §1409.

6.     This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (J).

7.     This core proceeding is to declare certain debts non-dischargeable pursuant to 11 U.S.C. §523 and the Debtor to be denied a discharge pursuant to 11 U.S.C. §727.

8.     Procedurally, this matter is governed by Federal Rules of Bankruptcy Procedure 4004, 4007, and 7001, et seq, and pursuant to 11 U.S.C. §523 and §727.

9.     Plaintiffs, Okechukwu Chibuzo Onuoha and Jupiter Lounge LLC are creditors of the Debtor who is a married individual who filed an individual bankruptcy on November 9, 2022 (the Petition Date), the Debtor filed for voluntary relief under Chapter 13 of the Bankruptcy Code and subsequently on January 6, 2023 converted her case to a Chapter 7.

## BACKGROUND FACTS

10.    Prior to the Petition Date (hereinafter defined as November 9. 2022), the Debtor entered into an agreement with plaintiffs to operate a night club on behalf of plaintiffs. As a result of Debtor's fraudulent representations, fraudulent activity and breach of the contract, Plaintiffs filed

suit on November 12, 2021 against Debtor Sokona Diallo, individually in Cause # 2021-74367, in the 157th District Courts of Harris County, Texas.

11.     Prior to the Petition Date (hereinafter defined), the Debtor entered into an agreement with plaintiff, OKECHUKWU CHIBUZO ONUOHA, to purchase and/or build properties to be used for multiple reasons. As a result of Debtor's fraudulent representations, fraudulent activity and breach of the contract, Plaintiffs filed suit on November 12, 2021 against Debtor Sokona Diallo, individually, as well as a partner of Debtor, Michelle Noel Trudy.

12.     Prior to the Petition Date, Debtor, SOKONA DIALLO, developed a scheme in late 2020 to entice Plaintiff, OKECHUKWU CHIBUZO ONUOHA, to enter into various financial arrangements with her under the guise of debtor, SOKONA DIALLO, helping him to receive high returns on his investment. To date, debtor, SOKONA DIALLO, has diverted and received hundreds of thousands of dollars while plaintiff has received nothing and now realizes the entire time debtor, SOKONA DIALLO, was engaging in a deliberate fraud against him and his interests.  He has discovered that she has done this to several others and has now filed bankruptcy seeking to get a stamp of approval for her crooked scheme by discharging the debt.

## THE PROPERTY PURCHASE SCAM

13.     Prior to the Petition Date, first, working in conjunction with a partner, MICHELLE TRUDY NOEL, Debtor enticed plaintiff OKECHUKWU CHIBUZO ONUOHA to "invest" $250,000 into a project that would come with a 59.15% return on investment.  This involved an agreement signed on January 10, 2021 between debtor, SOKONA DIALLO, and a company called DCCA LLC, owned and operated by her friend, MICHELLE TRUDY NOEL, to build and sell properties at 1005 Kern Street, #A, Houston, Texas 77009, 1005 Kern Street, #B, Houston, Texas 77009, and 1005 Kern Street, #C, Houston, Texas 77009.

14.     Debtor, DIALLO, actually "invested" $220,000 with her partner, NOEL'S company, and, it appears, kept the other $30,000 for her personal use. It has come to the attention of plaintiff that the properties were liquidated by foreclosure or sale around June 16, 2021 and no money has been paid to plaintiff as promised. Debtor, Sokona Diallo, got all or most of the money and did not pay plaintiff as agreed.

15.     Debtor, DIALLO, also took $100,000 of plaintiff, OKECHUKWU CHIBUZO ONUOHA's money to invest in another night club at 2016 Main Street and plaintiff believes that too was a part of her fraudulent scheme and the lease on that property does not seem to be legitimate and nothing has happened to justify the $100,000 "investment" of plaintiff's money. There has been no development or rhyme or reason to what happened to plaintiff's money.

16.     On May 30, 2021, debtor, DIALLO, entered into a repayment agreement with plaintiff, Okechukwu Onuoha. admitting that she owed him $350,000 for the properties she was supposed to have invested in. She was to pay plaintiff $100,000 on September 1, 2021, and $250,000 on or before September 15, 2021. Any accrued value or interest from the invested total of $350,000 would be split between the two with plaintiff. Okechukwu Onuoha, getting 80% and Debtor getting 20%. Debtor never paid anything to plaintiff, Okechukwu Onuoha.

17.     Debtor convinced plaintiff, Okechukwu Onuoha, that she had another investment that was a sure fire winner and one that would allow plaintiff to retire from work with a consistent flow of income. She said she had vast experience in operating night clubs and that she could and had in the past made a lot of money doing so. She did not inform plaintiff, Okechukwu Onuoha, of problems she had in the past. She convinced plaintiff, Okechukwu Onuoha, to invest another "$500,000" into the development of this business, which he did. Plaintiff, Okechukwu Onuoha, believed this was another way to make sure the previous money

he had invested would be recovered. She promised that the night club would be his and he agreed that she would receive some of the profits from operating the business.

18. On or about Mary 3, 2021, Plaintiff, Okechukwu Onuoha, formed a limited liability company, plaintiff, Jupiter Lounge, LLC, with plaintiff, Okechukwu Onuoha, as its sole member. Pursuant to oral and written agreements, Debtor agreed to be the managing partner designated by the plaintiffs to carry out certain functions for the night club operation. Debtor was to operate a night club in Houston, Texas and all of her actions in conducting the business of the night club were to be approved by plaintiff, Okechukwu Onuoha. The operating agreement specifically states the scope of debtor's relationship to and with plaintiff, Jupiter Lounge, LLC, in which she would manage all the affairs of the night club with regular reports to Plaintiff, Okechukwu Onuoha.

19. The debtor also signed a statement acknowledging plaintiff's initial contribution to the business was $500,000. Debtor constantly assured plaintiff, Okechukwu Onuoha, that all was well and that the business was making money and he would start getting a return on the $500,000 initial contribution.

20. Debtor obtained a building and paid for rent for the building and bought furniture and equipment from the proceeds of the initial contribution of plaintiff. She put ZERO money that belonged to her into the business.

21. Unknown to plaintiffs, instead of putting the lease in the name of the Jupiter Lounge, LLC, she put the lease on the property location for the night club in her name alone, for 5 years. She proceeded to put everything important in her name or that of an assumed name she owned that is similar to the LLC name.

22. On May 12, 2021, plaintiffs and Debtor entered into a general partnership agreement called "Jupiter Lounge Partnership" which provided that they would operate a night club named Jupiter Lounge. The agreement called for Debtor to not use any assumed name that Babatunde Oyedola had an ownership interest in and any such would be terminated or modified in favor of plaintiff. Debtor also stated in the agreement that she had no other partners. She agreed that Debtor, Okechukwu Chibuzo Onuoha had contributed $500,000 to the partnership and that the principal place of business is 6504 Westheimer, Houston, Texas. No cash distributions were to be made until the $500,000 initial contribution was paid.

23. Unknown to plaintiffs, Debtor developed a scheme to divert money from the purpose of the night club business for her own personal use and failed to timely pay rent and other expenses of the business. She maintained an assumed name of Jupiter Lounge, with a bank account and without plaintiffs' knowledge or approval, diverted hundreds of thousands of dollars believed to be over $800,000 to that and other accounts while constantly telling plaintiffs that the credit card receipts from the point of sale accounts were blocked and on hold. One of the accounts has a $42,000 negative balance as of the filing of the lawsuit.

24. On October 27, 2021, an abstract of judgment was filed against Debtorr in Harris County for a judgment against her from Florida in the amount of $350,000. On November 5, 2021, a process server came to the night club to serve a lawsuit on her for a loan she took for the business and failed to pay. Then on November 6, 2021, the night club was locked out with a change of locks for non payment of rent.

**SBA PPP LOANS**

25. Plaintiffs discovered that Debtor, Diallo, obtained two loans from the United States government Small Business Administration program, "Personal Protection Program

(PPP)" and never advised plaintiffs that the loans had been approved. She appears to have gotten loans in the name of plaintiff, Jupiter Lounge, LLC, that total over $275,000 that was supposed to pay employees but did not happen. From plaintiffs' understanding, Debtor, Diallo, took the PPP loan money and used it for her own purposes to the detriment of plaintiffs. She diverted the money to accounts wholly controlled by her and never informed plaintiffs about it. This is not only a breach of her fiduciary duties but appears to be criminal in nature. She told plaintiffs that the loans were not approved.

## FIRST CAUSE OF ACTION

26. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

27. The debt owed by the Debtor to Plaintiff should not be discharged pursuant to the exceptions to dischargeability found in 11 U.S.C. §523(a)(2)(A). The section provides, in pertinent part:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt- *** (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. See 11 U.S.C. §523(a)(2)(A).

28. Plaintiff's money given to Debtor for investment in real estate was obtained by Debtor's fraudulent, false, misleading, or deceptive acts or practices including misrepresentations pertaining the services provided and the use of the money. Plaintiff has every reason to believe that Debtor either never invested in real estate or that she sold properties she invested Plaintiff's money in and never paid him any of the money.

29. Plaintiff's money given to Debtor for investment and operation of the night club were obtained through fraud and fraudulent representations. Plaintiff has reason to believe that Debtor failed to accurately report revenue and expenses in the night club and actually used most of the revenue to satisfy her lavish lifestyle while constantly misrepresenting that the business was doing well knowing that it was not.

30. Accordingly, since Debtor obtained money from Plaintiff by conduct that was deceptive, fraudulent, and made false representations, pursuant to §523(a)(2)(A) the debt owed to Plaintiff should be determined non-dischargeable.

## SECOND CAUSE OF ACTION

31. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

The debt owed by the Debtor to Plaintiff should not be discharged pursuant to the exceptions to dischargeability found in 11 U.S.C. §523(a)(4). The section provides, in pertinent part:

for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

The conduct of Debtor constituted fraud while she was acting in a fiduciary capacity for Plaintiffs and her conduct constituted embezzlement.

## THIRD CAUSE OF ACTION

32. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

The debt owed by the Debtor to Plaintiff should not be discharged pursuant to the exceptions to dischargeability found in 11 U.S.C. §523(a)(6). The section provides, in pertinent part:

for willful and malicious injury by the debtor to another entity or to the property of another entity;

The conduct of Debtor was willful and malicious and resulted in substantial injury to Plaintiffs while Debtor was acting in a fiduciary capacity for Plaintiffs. Debtor intentionally conducted herself in a way to deceive plaintiffs and exact injury upon plaintiffs and her conduct did in fact cause damage to both plaintiffs causing the termination of Jupiter Lounge, LLC's operation and loss of money for plaintiff, Okechukwu Onuoha. Debtor's conduct was the proximate cause of the plaintiffs' injuries and Debtor had no just cause or excuse for her wrongful conduct.

## FOURTH CAUSE OF ACTION

33. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

Pursuant to 11 U.S.C. §727, plaintiff asks that Debtor, Sokona Diallo, be denied a discharge based on her constant refusal to obey the bankruptcy court and its rules including repeatedly being forced to amend schedules because of willful omissions and misstatements, failing, even after being sanctioned by the court, to comply with the trustee's motion to compel the turnover of information concerning major luxury items, and deliberate fraud against more than one creditor in this case.

In relevant part 11 U.S.C §727 states that

**(a)** The court shall grant the debtor a discharge, unless--

**(1)** the debtor is not an individual;

**(2)** the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--

**(A)**  property of the debtor, within one year before the date of the filing of the petition;  or

**(B)**  property of the estate, after the date of the filing of the petition;

**(3)**  the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

**(4)**  the debtor knowingly and fraudulently, in or in connection with the case--

**(A)**  made a false oath or account;

**(B)**  presented or used a false claim;

**(C)**  gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act;  or

**(D)**  withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

**(5)**  the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

**(6)**  the debtor has refused, in the case--

**(A)**  to obey any lawful order of the court, other than an order to respond to a material question or to testify;

**(B)**  on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked;  or

**(C)**  on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

**(7)**  the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

34.     Plaintiffs assert that Debtor's conduct has knowingly and fraudulently made

repeated false statements in this case in violation of section (4) and has either destroyed or

withheld documents and records relating to the debtor's property or financial affairs. Plaintiff further asserts that Debtor has refused to obey an order of this court to turn over documents asked for in the trustee's motion to compel in a timely manner.

35. Plaintiffs assert that Debtor consistently delayed creditors by concealing, transferring, removing, or destroying property that would be for the benefit of the creditors

WHEREFORE, Plaintiffs, OKECHUKWU CHIBUZO ONUOHA and JUPITER LOUNGE, LLC, respectfully request:

1. That this Complaint be deemed good and sufficient and that it be filed according to law; and

2. That the Debtor, SOKONA DIALLO, be duly cited and served with a summons and a copy of this Complaint; and

3. After all due proceedings had, that there be Judgment herein in favor of the Plaintiffs declaring the debt of SOKONA DIALLO in favor of the Plaintiffs to be non-dischargeable pursuant to 11 U.S.C. §523; and

4. In the alternative and after all proceedings had, that there be Judgment herein in favor of Plaintiffs denying discharge to SOKONA DIALLO pursuant to 11 U.S.C. §727; and

5. For such other and further legal and equitable relief as this Court shall deem necessary and proper.

Dated this 9th day of August 2023.

Respectfully submitted this day,
WILSON & ASSOCIATES, PLLC
/s/ Troy J. Wilson
Troy J. Wilson
Texas Bar No.: 00786356
E-mail: tjwlaw777@yahoo.com
8019 West Grand Parkway South, # 144

Richmond, Texas 77407  
Ph: (281) 670-7557

Attorneys OKECHUKWU CHIBUZO ONUOHA and JUPITER LOUNGE, PLLC