United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 08, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-33351** |
| **SOKONA DIALLO,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **AMADOU WANE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 23-3115** |
| | § | |
| **SOKONA DIALLO,** | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING SUMMARY JUDGMENT

On August 25, 2023, the Court issued a Comprehensive Scheduling, Pre-Trial, and Trial Order. ECF No. 24. Paragraph 6 of that order states: "Dispositive motions may not be filed after **September 15, 2023**." *Id.* at 2. Plaintiff Amadou Wane filed a Motion for Summary Judgment on December 5, 2023, which is eighty-one (81) days after the September 15 deadline. ECF No. 32.

Mr. Wane raises a Fifth Circuit case, *Barker v. Norman,* 651 F.2d 1107 (5th Cir. 1981), for the proposition that pro se litigants should not be "held to the same standards of compliance with formal or technical pleading rules applied to attorneys." ECF No. 38 at 3. Mr. Wane argues "[t]his is not to say that pro se litigants are exempt from following procedural rules, but rather that the courts are often more accommodating in ensuring that a fair hearing is conducted, even if this means allowing some flexibility in procedural formalities." *Id.* at 4.

*Barker* does not stand for this proposition.  There, the Fifth Circuit held that in cases where "summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting affidavits or otherwise." *Barker*, 651 F.2d at 1128.  Here, the defect in Mr. Wane's motion is with its untimeliness, not with the impropriety of supporting or opposing materials.  Contrary to Mr. Wane's assertion, the Fifth Circuit allows trial courts "broad discretion to preserve the integrity and purpose of the pretrial order." *Neff v. Ford*, 163 F.3d 1354 (5th Cir. 1998) (quoting *Hodges v. U.S.*, 597 F.2d 1014, 1018 (5th Cir. 1979)).

Trial is set to begin on January 22, 2024.  The Court has reviewed the summary judgment motion.  The motion assumes that the U.S. District Court for the Middle District of Florida made sufficient findings to sustain a § 523 exception to discharge.  It did not make those findings. It ruled solely on the issue of unjust enrichment.  The trial will allow the parties to litigate whether the conduct that resulted in unjust enrichment is also sufficient to except that judgment from discharge.

Mr. Wane does not provide any reason for the late filing or any other case law on the issue.  The Motion for Summary Judgment is denied because it was untimely filed.

SIGNED 01/08/2024

_____
Marvin Isgur
United States Bankruptcy Judge